In the Matter of GENEVA POTTER, as Mother and Natural Guardian of ANDREA D. POTTER, an Infant, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

First Department, January 4, 1974.

*Larry Wenig* for appellant.

*Susan S. Belkin* of counsel (*Stanley Buchsbaum* with her on the brief; *Norman Redlich, Corporation Counsel*), for respondents.

CAPOZZOLI, J. The six-year-old infant claimant was a student in Public School No. 29, Bronx, N. Y., and it is claimed that she was injured on March 8, 1973, while in her classroom, due to the alleged negligence of the teacher. Counsel was retained on behalf of the infant claimant on March 29, 1973. Notice of claim against the City of New York was served on the Comptroller of the City of New York on April 9, 1973. This notice, amongst other things, sets forth the following: " The accident occurred on March 8, 1973. The accident occurred at P. S. 29 at 758 Cortlandt Avenue, Bronx, New York. The infant was a student in the class known as #1–115. The teacher of said class is Mrs. Middleton. The occurrence took place when Mrs. Middleton, the teacher of that class, left the class room leaving the infant and claimant and the entire class on their own. Another student, known to be a boisterous student, named [am omitting name] forcefully threw the infant claimant to the ground, causing the injury ".

The law is settled that service on the city by service on its Comptroller of notice of a claim arising out of a tort in a school is not service on the Board of Education. The city and board are distinct entities (see *Matter of Divisich* v. *Marshall,* 281 N. Y. 170) and service of a notice of claim against the board, by serving it on the city, is not service on the board. (*Santiago* v. *Board of Educ. of City of N. Y.,* 41 A D 2d 616.)

The affidavit of the attorney for the infant claimant, executed in support of claimant's motion at Special Term for leave to file a late notice of claim against the Board of Education, sets forth, amongst other things: " 11. In reading the statute, your affirmant noticed that it is required to serve, in addition to the local school board, the central Board of Education." In addition to his failure to note that the notice of claim should also have been served upon the central Board of Education, the attorney further says that he also did not serve the local board because he could not locate its address. In other words, one can reasonably say that the failure to make proper service was due to the inadvertence of counsel. The court below denied the motion for

leave to file a late notice of claim, holding: " The failure to serve the Board of Education is not attributable to the infancy of the injured claimant [citing cases] ".

It is, of course, true that this court has held, time and again, that an applicant for permission to serve a late notice of claim on behalf of an infant must factually show that the failure to make timely service was by reason of infancy, not because of an attorney's error or inadvertence *(Santiago v. Board of Educ. of City of N. Y.,* 41 A D 2d 616, *supra; Matter of Clark* v. *Manhattan & Bronx Surface Tr. Operating Auth.,* 34 A D 2d 770, affd. 28 N Y 2d 614) and, in this case, there is no evidence of any connection between the infancy of the plaintiff and the failure to serve the notice in time.

In *Matter of Murray* v. *City of New York* (30 N Y 2d 113, 116–120), the court said: " The fact of the prescribed nexus between disability and delay, however, has been the subject of differing approaches among and within the various judicial departments. Generally, the First Department, holding to a strict and literal construction of section 50-e, has required that causation be factually demonstrated [citing cases], while the remaining departments, with occasional variation, have more typically tended to presume disability from the fact of infancy and have granted relief upon a showing that ' the delay in filing was reasonably attributable in any substantial degree to the fact of infancy ' [citing cases].

" This cleavage, with often divergent results, is perhaps best illustrated by those cases involving applications by infants whose parents have timely retained counsel but default occurs because of the neglect of counsel in filing the notice of claim. Acceding to a literal construction of the remedial provision, the First Department, absent an affirmative showing that the delay has been occasioned by the statutory disability, has invariably denied causative effect to the fact of infancy, holding the same more properly attributable to the inadvertence of counsel [citing cases].

"On the other hand, the Third Department, and somewhat more erratically the Second and Fourth Departments, despite the absence of a showing of some causal nexus, have refused to hold that neglect or laches of counsel must work a forfeiture of the infant's rights under subdivision 5 where it may reasonably be inferred that the delay in any substantial degree is attributable to the fact of infancy [citing cases]. Characteristically, the infant's age, physical and mental capacity have been deemed relevant considerations in assessing whether the dis-

ability has been a contributing factor to the delay or has precluded a thoughtful decision to assign the matter to counsel [citing cases]. \* \* \*

" The thread of consistency binding these cases construing section 50-e together, resides, ultimately, in the fact that a determination as to the cognizable relation between infancy and the delay is a matter committed to the sound discretion of the court, to be exercised in light of all the facts and relevant circumstances in a given case. \* \*. \*

· " An infant of 19 may indeed lack the acumen to appreciate the source, or for that matter, the nature of the wrong allegedly perpetrated against him and, consequently, have been remiss in the proper assertion of his legal rights. The impediment may reasonably be presumed to attend infancy; *there is no requirement that it be factually demonstrated* [citing cases]." (Emphasis supplied.)

There is also a concurring opinion by Judge BREITEL in which he discusses subdivision 5 of section 50-e of the General Municipal Law, and he states: " Except to the practitioner who is skilled in tort cases or claims against municipalities, it is a mousetrap. Such a statute should provide a greater discretion to give relief from its requirements \* \* \*. The statute remains a mousetrap for those who are not sophisticated or diligent enough to know that there is a way out despite the language of the statute. Statute law, especially cut-off statutes, should be clear enough so that the intelligent professional reader can rely on its obvious meaning. Nor should there be such marked divergence among the Appellate Divisions leading to unequal treatment of like situations with significant substantive effect." (*Matter of Murray* v. *City of New York*, 30 N Y 2d 113, 121, *supra.*)

In view of the action of the court in the *Murray* case in sustaining the action of the Appellate Division unanimously affirming an order of the Supreme Court granting the application of the infant (19 years old), for permission to serve a late notice of claim, we find it difficult to refuse to grant the infant in our case, who is six years of age, the same relief.

The dissent candidly admits that the unbending rule which has been followed by our court " perhaps is, a harsh one ". Hence, there is no reason why we should continue to follow it. This case gives us an excellent opportunity to exercise our discretion and grant the application of the petitioner. In so doing we eliminate " such marked divergence among the Appellate Divisions leading to unequal treatment of like situations with

significant substantive effect ". (*Matter of Murray* v. *City of New York, supra,* p. 121.) We will then be free in the future to consider each case on the particular facts and circumstances it presents and make a decision as to whether our discretion should be exercised in favor of an application of this nature.

In *Matter of Board of Trustees of Common School Dist. No. 2 of Town of Dickinson* v. *Commissioner of Educ. of State of N. Y.* (33 N Y 2d 601), a very recent case, while the facts are not like those in our case, nevertheless the court, at page 603, uses language which, in a general sense, supports the spirit of our decision in this case: " Modern jurisprudence generally and CPLR 2001 specifically direct a recognition of realities and the needs of justice and the ignoring of technical deficiencies ".

Therefore, the judgment, Supreme Court, Bronx County, entered on September 12, 1973 (DOLLINGER, J.), denying petitioner's application and dismissing the petition herein should be reversed, on the law, the facts and in the exercise of discretion, without costs, and the application granted.

STEVENS, P. J. (dissenting). I dissent and vote to affirm the judgment which is here appealed. The single issue whether petitioner should be allowed to file a late notice of claim, finds its answer in the language of the applicable statutes. Section 3813 of the Education Law and section 50-e of the General Municipal Law require the filing or presentation of a notice of claim within 90 days after the occurrence upon which the claim is premised. Since the incident complained of happened in a classroom and involved the Board of Education and a school district in the City of New York, it was requisite that the claim be served upon the Board of Education. (See General Municipal Law, § 50-e, subd. 3.) Where, as here, an infant is involved, the 90-day requirement is not absolute. The statute permits the court, in its discretion, to grant leave for the filing of a late notice of claim " (1) Where the claimant is an infant, or is mentally or physically incapacitated, *and by reason of such disability* fails to serve a notice of claim within the time specified." (General Municipal Law, § 50-e, subd. 5; emphasis supplied.)

On this record there is nothing to establish the fact or even to indicate that infancy caused or contributed to the failure to serve a notice of claim. (*Santiago* v. *Board of Educ. of City of N. Y.,* 41 A D 2d 616.)

Under the circumstances prevailing the rule may seem to be, and perhaps is, a harsh one. The entity served, the City of New York, is separate and distinct from that one required to be served, namely, the Board of Education. In light of the exist-

ing relationship between the two, it would not be an unreasonable extension to permit service upon the City of New York to be considered the equivalent of service upon the Board of Education. That remedy, however, should come from the Legislature and not be achieved by judicial fiat.

I am aware of divergent results in the various departments upon facts similar to those presented here (see *Matter of Murray* v. *City of New York,* 30 N Y 2d 113; Birnbaum, Civil Practice, 24 Syracuse L. Rev. 447), but this department always required some factual demonstration of causation between infancy and the failure to file within the statutory period.

The statute by its language does not permit an unfettered discretion. Nor do I find ambiguity or imprecision in its language. An asserted knowledge of the facts by the entity sought to be held is not the equivalent of compliance with the statutory requirement.

NUNEZ and MURPHY, JJ., concur with CAPOZZOLI, J.; STEVENS, P. J., dissents in an opinion in which STEUER, J., concurs.

Judgment, Supreme Court, Bronx County, entered on September 12, 1973, reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and vacated, and the application granted.