■ In the Matter of DINAH JANVIER, an Infant, by Her Mother and Natural Guardian, MARIE JANVIER, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered April 7, 1989, which denied petitioner's application to file a late notice of claim pursuant to General Municipal Law § 50-e (5), unanimously affirmed, without costs.

Petitioner alleges that her infant daughter, Dinah, developed Erb's palsy as a result of the medical malpractice of respondent New York City Health and Hospitals Corporation (HHC) during Dinah's birth on January 11, 1977 at Bronx Municipal Hospital (Jacobi). Petitioner, a French-speaking medical technician from Haiti, observed Dinah's condition on the day after the infant's birth. The hospital diagnosed the condition as Erb's palsy within a week after the birth, instructed petitioner to exercise her daughter's arm, and advised her to return in one month. When petitioner returned on February 18, 1977, the hospital adhered to its prior diagnosis and referred Dinah for physical therapy to the Rose F. Kennedy Center of the Albert Einstein College of Medicine, a private hospital located on the grounds of Jacobi. Jacobi hospital records reflect that petitioner was made aware that "there will be most likely some recovery of function but that it will not return to normal" and that petitioner understood Dinah's condition. Thereafter, Dinah was treated for Erb's palsy only at the Kennedy Center, and visited Jacobi only for general checkups, immunizations and other treatment unrelated to the palsy.

On October 1, 1988, petitioner consulted an attorney who

opined that Dinah's condition had been caused by negligent birth delivery. On November 2, 1988, petitioner sought leave to serve a late notice of claim on HHC, alleging that she had been misled by Jacobi doctors into believing that the condition was transient, and that she was unaware of notice of claim filing requirements because she was from Haiti and had not been conversant in the English language in 1977.

CPLR 208 extends the Statute of Limitations for medical malpractice during infancy, but not "beyond ten years after the cause of action accrues". Claimant's cause of action accrued on January 11, 1977 (Goldsmith v Howmedica, Inc., 67 NY2d 120) and, thus, the outside limit for the commencement of a lawsuit for medical malpractice was January 11, 1987. The time to file a late notice of claim may not be extended beyond the time limitation for the commencement of an action by a claimant against a public corporation (General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950, 954-955). Petitioner's argument that CPLR 214-a delayed the accrual of her daughter's cause of action until the end of her "continuous treatment" has been explicitly rejected by the Court of Appeals (McDermott v Torre, 56 NY2d 399, 407; Suria v Shiffman, 67 NY2d 87, 95).

Petitioner did not proffer a reasonable excuse for the almost 12-year delay in seeking to commence an action against HHC, and we have recently held that, in these matters, moving papers which do not include a doctor's affidavit reciting a nexus between the condition and the treatment received but contain only an attorney's affidavit are "totally unsatisfactory" (Bailey v City of New York, 159 AD2d 280, 281). Concur —Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.