■ JANICE YOUNG, as Parent and Guardian of ZAHIR BROOKS, an Infant, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [767 NYS2d 214]—

Order, Supreme Court, New York County (Betty Owen Stinson, J.), entered March 13, 2002, which denied petitioner's application for permission to file a late notice of claim nunc pro tunc, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the disposition of the motion vacated, and the matter remanded for hearing.

Petitioner Janice Young, appearing as parent and guardian of Zahir Brooks, an infant under 14 years of age, filed a petition on September 28, 2001 for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). Petitioner's claim is for negligent hiring and supervision of a New York City public school teacher, who allegedly sexually abused Zahir in 1998 when he was a nine-year-old student at P.S. 78. The IAS court denied the petition, finding that petitioner failed to provide a reason for the delay or to demonstrate that respondents had actual or constructive knowledge of the facts giving rise to the alleged incident, and that petitioner's delay prejudiced respondents' ability to investigate and respond to the allegations. We reverse.

General Municipal Law § 50-e (1) (a) requires that a claimant against a municipal entity file a notice of claim within 90 days after the claim arises. However, General Municipal Law § 50-e

(5) vests courts with broad discretion to extend the time to serve a notice of claim, provided such extension does not exceed the statute of limitations applicable to the claim. The statute directs that, in determining whether to grant such an extension, the court consider, "in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim" within the specified 90-day filing period "or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). In addition, the statute directs, in relevant part, that the court "shall . . . consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.).

Respondents, in opposition to the petition, submitted an affidavit of the current school principal, who stated that a search of Board of Education and P.S. 78 files had disclosed no records regarding the alleged assault and that P.S. 78 had not been notified of the alleged assault until after May 1, 2001. In reply, petitioner submitted an affidavit in which she stated that the former principal of Zahir's school, Dr. Ione Edwards, was made aware of the allegations of sexual abuse within days of the alleged incident and that Dr. Edwards interviewed Zahir within a week thereafter.

In this Court, respondents acknowledge that petitioner's affidavit raises an issue of fact as to whether the school authorities were provided timely actual notice of the alleged wrongdoing and whether they suffered any prejudice in their ability to investigate the claim and maintain a defense. Respondents thus have chosen not to contest petitioner's appeal.

In view of the foregoing, as well as the fact of the infancy of the claimant (see e.g. Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 263, 265 [1980]; see also Matter of Potter v Board of Educ., 43 AD2d 248 [1974]), the order denying the petition is reversed and the matter remanded for a hearing on whether respondents timely acquired actual notice of the alleged facts giving rise to the claim. Concur—Tom, J.P., Andrias, Sullivan, Rosenberger and Friedman, JJ.