■ GEORGE POWELL, Respondent, v CITY OF NEW YORK et al., Appellants. [820 NYS2d 217]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 21, 2004, which, granted petitioner's application to serve a late notice of claim for false arrest, false imprison-

---

ment, malicious prosecution and conversion, unanimously modified, on the law, the facts and in the exercise of discretion, to deny the application with respect to the false arrest, false imprisonment and malicious prosecution claims, as well as that aspect of the conversion claim that was premised upon conversion of petitioner's motor vehicles, and to condition the leave granted with respect to the remainder of the conversion claim upon petitioner's delivery to respondents of any consents and authorizations they need to examine, inspect and copy the file and record in the criminal action brought against petitioner, as well as the records of the Police Department dealing with the same case, and otherwise affirmed, without costs.

Initially, as petitioner properly concedes, Supreme Court improperly granted the application with respect to the claims for false arrest and imprisonment, as the application was made after the statute of limitations on those claims had run.

"The key factors which the court must consider in determining if leave should be granted are whether the movant demonstrated a reasonable excuse for the failure to serve the notice of claim within the statutory time frame, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003]). Here, petitioner failed to proffer a reasonable excuse for his failure to serve a notice of claim within the statutory time frame.

With respect to the claim for malicious prosecution, the extent to which respondents may have acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter is questionable. In any event, the extended and unreasonable delay in providing notice of the malicious prosecution claim strongly supports respondents' claim of substantial prejudice. The prejudice is exacerbated both by the vague and conclusory nature of petitioner's proposed notice of claim and by respondents' lack of access to relevant but sealed criminal court records. Accordingly, Supreme Court improvidently exercised its discretion in granting that aspect of the petition seeking to assert a claim for malicious prosecution (*see Matter of King v City of New York*, 186 AD2d 497 [1992]).

Supreme Court, however, providently exercised its discretion in granting that aspect of the petition seeking to assert a claim for conversion of sums of money seized from petitioner's person and his home. The administrative procedures for inventorying and returning property seized from persons arrested by the po-

lice (Administrative Code of City of NY § 14-140) undercut the potential for prejudice as a result of petitioner's delay. The potential for prejudice is undercut as well by respondent Police Department's apparent awareness in mid-2003 that the District Attorney's office had executed a release in connection with the property seized following its decision to drop the criminal charges against petitioner.

To the extent petitioner's conversion claim seeks recovery for damages allegedly caused by his inability to move his parked motor vehicles, Supreme Court improvidently exercised its discretion in granting that aspect of the petition. Respondents' ability to defend against such a claim also has been prejudiced by petitioner's extended and unreasonable delay. Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.