■ In the Matter of Luz Nieves et al., Respondents, v New York Health and Hospitals Corporation, Appellant. [825 NYS2d 40]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 27, 2005, which granted petitioners' mo-

tion for leave to file a late notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied. Appeal from order, same court and Justice, entered August 9, 2005, which, to the extent appealed from as limited by the briefs, denied respondent's motion for leave to renew petitioners' prior motion, unanimously dismissed, without costs, as academic.

The intent underlying the notice of claim requirement embodied in General Municipal Law § 50-e is to protect the municipality from unfounded claims and to ensure that it has an adequate opportunity to timely explore the merits of the claim while the facts are still "fresh" (*Adkins v City of New York*, 43 NY2d 346, 350 [1977]; *Torres v New York City Hous. Auth.*, 261 AD2d 273, 274 [1999], *lv denied* 93 NY2d 816 [1999]). General Municipal Law § 50-e (5) bestows upon the court the discretion to either grant or deny leave to serve a late notice of claim, within certain parameters (*Matter of Porcaro v City of New York*, 20 AD3d 357, 358 [2005]; *Matter of Dubowy v City of New York*, 305 AD2d 320, 321 [2003]), and some of the key factors to be considered by the court when exercising its discretion are: whether the petitioner has demonstrated a reasonable excuse for failing to file the notice of claim within the statutory time frame; whether the public corporation acquired actual notice of the essential facts within 90 days after the claim arose or a reasonable time thereafter; and whether the delay would substantially prejudice the municipality in defending on the merits (*Powell v City of New York*, 32 AD3d 227, 228 [2006]; *Matter of Lodati v City of New York*, 303 AD2d 406, 407 [2003]). Moreover, the presence or absence of any one factor is not determinative (*Matter of Semyonova v New York City Hous. Auth.*, 15 AD3d 181, 182 [2005]; *Matter of Dubowy v City of New York*, 305 AD2d at 321), and the fact that a claimant is an infant does not, by itself, compel the granting of leave to file a late notice of claim (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537-538 [2006]; *Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515, 516 [2006]).

In the matter at bar, petitioner failed to establish that her delay of approximately one year in seeking leave to serve a late notice of claim was the product of her daughter's infancy, or of the need to provide her with extraordinary care (*id.*; *Berg v Town of Oyster Bay*, 300 AD2d 330 [2002]).

Further, with regard to petitioners' claim that respondent acquired actual knowledge of the facts within 90 days, or a reasonable time thereafter, based upon its possession of the relevant medical records, the Court of Appeals has recently stated that:

"Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury *where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff during the birth process.*

"The relevant inquiry is whether the hospital had actual knowledge of the facts—as opposed to the legal theory—underlying the claim. Where, as here, there is little to suggest injury attributable to malpractice during delivery, comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim" (*Williams v Nassau County Med. Ctr.*, 6 NY3d at 537 [emphasis added]; *see also Matter of Dumancela*, 32 AD3d at 516).

Likewise, in this matter, petitioners fail to identify anything in the records which would have afforded respondent notice of the facts constituting her claim, or to alert it as to any potential negligence on its part. In addition, other than conclusory assertions to the contrary, petitioners have failed to rebut respondent's claim that petitioners' delay in filing the notice of claim prejudiced its ability to investigate and defend the claim (*Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Nairne v New York City Health & Hosps. Corp.*, 303 AD2d 409, 410 [2003]).

Finally, we note that the proposed notice of claim asserts claims for wrongful life on behalf of the infant petitioner, and for emotional distress on behalf of petitioner mother based upon the birth of a child with physical abnormalities, neither of which is a legally cognizable claim (*Sheppard-Mobley v King*, 4 NY3d 627, 638 [2005]; *Alquijay v St. Luke's-Roosevelt Hosp. Ctr.*, 63 NY2d 978 [1984]). To the extent that the proposed notice of claim seeks the recovery of pecuniary expenses sustained by petitioner mother for the care and treatment of her daughter, while such damages may be recoverable by a parent (*id.* at 979; *Becker v Schwartz*, 46 NY2d 401, 412-413 [1978]), moving papers seeking leave to file a late notice of claim in such an action must include a doctor's affidavit reciting the nexus between the condition and the treatment received. No such affidavit was proffered herein and petitioners' conclusory affidavit from counsel in support of the motion is "totally unsatisfactory" (*Matter of Janvier v New York City Health & Hosps. Corp.*, 162 AD2d 342, 343 [1990], *lv denied* 76 NY2d 711 [1990]; *Bailey v City of New York*, 159 AD2d 280, 281 [1990]). Concur—Tom, J.P., Saxe, Nardelli, Gonzalez and Catterson, JJ.