■ VICTOR PERI et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [843 NYS2d 618]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered April 5, 2005, which granted the motion by defendant LSL Services for summary judgment only to the extent of dismissing claims on behalf of plaintiff Jose Peri, granted the motion of defendant City of New York (City) for partial summary judgment to the extent of dismissing all claims except those relating to plaintiffs' second period of occupancy in its building, and granted plaintiffs' cross motion to the extent of deeming later notices of claim against the City timely served, affirmed, without costs.

Plaintiff Eribel Peri brought this personal injury action on behalf of herself and her three infant children, Victor Peri, Harvey Arzu and Jose Peri, to recover damages sustained when the three infant plaintiffs allegedly ingested lead paint while residing first at premises owned by the City, then at premises owned by codefendant LSL Services, and then again at the city building where plaintiff's sister was the tenant of record. The City moved for summary judgment dismissing plaintiffs' complaint on the ground, inter alia, that it had no notice that any of the plaintiffs occupied its premises. The motion court denied summary judgment and the City now appeals asserting that it had no liability because it had no notice that a child under seven resided in the apartment at 1530 Bryant Avenue in the period 1993-1997. For the reasons set forth below, we find that whether the City had notice is a triable issue of fact which precludes summary judgment.

In plaintiff Eribel Peri's affidavit in opposition to the motions for summary judgment, Peri, in referring to 1530 Bryant Avenue, stated that the superintendent at the Bryant Avenue premises saw her son Victor at her sister's apartment, and that "[w]e still had the same super 'Burges' in the building and he recognized my sister and he saw the new child." Peri's sister, Dinora Castillo, submitted a similar affidavit in opposition and corroborated Peri's statement in haec verba.

The City characterizes the affidavits as "self-serving" and a "crafted and transparent attempt to raise a triable issue of fact to defeat the City's motion." Finally, the City contends that the plaintiffs' allegations concerning the super are "directly contrary to the [sic] Ms. Peri's deposition testimony."

The affidavits of Peri and Castillo are sufficient to create an

issue of fact on the question of notice to the City. The affidavits certainly are some evidence that the City was aware of the plaintiffs' presence on the premises at the time in question. Contrary to the City's rhetoric, the affidavits simply do not contradict the prior EBT testimony.

The overwhelming bulk of the attacks by the City on the alleged contradictions between the EBT testimony and the affidavits raised before the motion court and on appeal apply only to the period 1987-1991. Plaintiffs did not cross-appeal from the dismissal of their claims against the City for this earlier period. Thus, the bulk of the City's argument on appeal on the issue is irrelevant. More importantly, Peri's EBT testimony is not contradictory:

"Q. Within the first six months of your moving in there, did you personally speak with the landlord or anyone from the landlord about your living there or for any reason?

"A. No.

"Q. At any time did you speak with anyone from the landlord or anyone who worked in the building at 1530 Bryant Avenue concerning any matters relating to the apartment?

"A. No."

Peri testified that she did not *speak* to the landlord or any representative of the landlord. In her affidavit she indicates that her sister Castillo did speak to the superintendent. The City did not ask Peri whether or not anyone else who lived in the apartment put the City on notice of both the children's presence in the apartment and the peeling paint condition. Furthermore, and more importantly, the City failed to ask whether the super saw or spoke with plaintiff. The City never produced the super for an EBT, nor did the City submit an affidavit from the super for the time period in question. Finally, it is uncontroverted that the building had only 20 apartments. The small size of the building and the fact that the super was familiar with plaintiffs from the first period of occupancy, as well as the uncontroverted affidavits and EBT testimony, all serve to create an issue of fact on the question of notice to the City.

We have considered defendant LSL's arguments on appeal, and find them without merit. Concur—Buckley, Catterson and Malone, JJ.

Andrias, J.P., and Kavanagh, J., dissent in a memorandum by Kavanagh, J., as follows: I must respectfully disagree with the majority's conclusion that two self-serving affidavits, so obviously at odds with sworn testimony given at a prior proceeding,

can be considered to have created an authentic question of fact requiring denial of defendant City of New York's motion for summary judgment. Equally important, given plaintiffs' decision not to appeal that portion of Supreme Court's order dismissing all claims that arose from the first period of occupancy at the Bryant Avenue apartment, the affidavits, even if credible, do not create a genuine issue of fact as to the claims that remain. Therefore, the City's motion should have been granted.

Plaintiff Eribel Peri immigrated from Honduras in 1987 and moved with her sister and her husband, who had no children, into their one bedroom apartment on Bryant Avenue in the Bronx. While there, Peri gave birth to two children, Victor (born in 1988) and Harvey (born in 1989). On April 1, 1991, Peri and the children moved out of the Bryant Avenue apartment and for the next $2^{1}/_{2}$ years lived in other apartments located within New York City. During this period, by her own admission, Peri was a weekly visitor to her sister's apartment and often stayed overnight.

In October 1993, Peri moved back to the Bryant Avenue apartment with her children and remained there until July 15, 1997.[1] On December 14, 1995, she filed a notice of claim with the City alleging that while she lived in the Bryant Avenue apartment, her children contracted lead poisoning from paint used on the premises.

The City's motion was based on the fact that Peri's sister was the tenant of record for the premises during both periods of plaintiffs' occupancy and that no documentation of any kind has ever been offered that confirms plaintiffs ever resided in the apartment. In addition, Peri, in sworn testimony, has acknowledged that she was never listed on the lease as a tenant in the apartment, that her sister always paid the landlord the rent, and that not only did she not know the landlord, but never had any conversation with the building superintendent or anyone who worked in the building, "for any reason" or "concerning any matters relating to the apartment."

In response to the City's motion, Peri submitted her affidavit and one from her sister, each dated November 11, 2003, which in substance claim that upon moving into the Bryant Avenue apartment, Peri was introduced to the building superintendent, a man named "Burges," that he came to the apartment on many occasions, was aware of its condition and knew that plaintiffs resided there.

---

1. Peri gave birth to her third child, Jose Peri, in 1992.

Supreme Court recognized these affidavits for what they were, documents obviously authored and composed by plaintiffs' counsel to address their needs in this litigation, and for that reason completely discounted them (see *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]). Other than these affidavits, plaintiffs have presented no evidence of any kind suggesting that the City or any of its representatives had knowledge, either actual or constructive, that she and her children ever lived at the Bryant Avenue apartment, and for that reason Supreme Court dismissed all of plaintiffs' claims that arose from the first period of occupancy (1987-1991). However, it did not dismiss those claims that arose from the second period of time that plaintiffs claims to have resided at the apartment (1993-1997). Instead, for this time period, Supreme Court found that the notice of claim filed on plaintiffs' behalf on December 14, 1995 was "sufficiently contemporaneous in time as to give the City notice of the underlying facts within a reasonable time after the claim accrued." By this ruling, it appears that Supreme Court found that the notice of claim put the City on notice that plaintiffs resided in the apartment for a period of time that predated it. This was clearly error. A notice of claim is intended to inform a municipality of the circumstances involving an incident that may result in a claim so as to give it "an adequate opportunity to timely explore the merits of the claim while the facts are still 'fresh' " (see *Matter of Nieves v New York Health & Hosps. Corp.*, 34 AD3d 336, 337 [2006]; *Peri v City of New York*, 8 Misc 3d 369 [2005]). It cannot be deemed to have a retroactive effect and impute to the City knowledge of plaintiffs' occupancy of an apartment for a period of time *prior* to the date of its filing.

Once Supreme Court determined that the affidavits submitted by plaintiffs were not credible, it should have dismissed not simply those claims arising from the first period of occupancy at Bryant Avenue, but the second as well. In that regard, plaintiffs, as the majority points out, did not appeal the dismissal of those claims arising between 1987-1991. That failure on its face appears to be a concession by plaintiffs that the City for that period of time did not have notice, either actual or constructive, that they resided in the Bryant Avenue apartment.

I disagree with the majority that "the bulk" of the City's arguments are irrelevant in that they pertain to the first period of occupancy. If that same test is applied to plaintiffs' evidence, and I believe that it should, the fact is that Peri's affidavit, and that of her sister, focus almost entirely on the first period she lived at the Bryant Avenue apartment and say very little about

the period between 1993-1995 for which the remaining claims exist. In that regard, Peri merely states, "[w]e still had the same super 'Burges' in the building and he recognized my sister and saw the new child. He did not come to fix the apartment during the time that my sister and her family moved in for the second residency".[2]

Assuming what is said here is true, it adds little, if anything, to what is already known about plaintiffs' occupancy of the premises during this period and Peri's contact with any representatives of the City. Peri was a frequent *visitor* to her sister's apartment during the 2½ years after she moved out of Bryant Avenue and before she claims to have moved back in 1993. In sworn testimony Peri has admitted visiting her sister at Bryant Avenue at least once, and as often as three times a week during this period, and on at least one occasion she actually stayed with her sister at the apartment for an entire week. Under these circumstances, the mere fact that "Burges" knew her and her children and saw them on the premises does not establish that he knew she resided there. What it does establish, at best, is that "Burges" knew Peri as a former tenant who was now a frequent visitor to her sister's apartment. That knowledge, even if proven, does not establish an essential element of plaintiffs' claim—that the City for the period in question (1993-1995), knew that children under seven years of age were residing in plaintiff's sister's apartment, and the failure to submit any credible evidence establishing that fact requires dismissal of plaintiff's remaining claims (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628 [1996]).

Simply put, plaintiffs' affidavits only establish their presence on the premises and not that they resided there during the period in question. No evidence of any kind has been submitted showing that the superintendent or any other member of the building's personnel had notice, either actual or constructive, that plaintiffs' status had changed from being a frequent visitor to the apartment to that of a permanent resident (*see Worthy v New York City Hous. Auth.*, 18 AD3d 352 [2005]; *compare Munoz v 42 Holding Corp.*, 30 AD3d 361 [2006]). The credible evidence, including the fact that Peri is not listed on a single document as ever having resided in the apartment and her sworn testimony that she never had any meaningful contact with any of the building personnel, compel a finding that the City's mo-

---

2. Obviously these two sentences, while in plaintiff's affidavit, were intended for her sister's affidavit. The first sentence is repeated word for word in the sister's affidavit and is the only reference therein to plaintiff's second period of occupancy.

tion for summary judgment should in all respects have been granted. [*See* 8 Misc 3d 369.]