■ HAKIM QUICK, JR., an Infant, by His Mother and Natural Guardian, THERESA WILSON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [965 NYS2d 415]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 25, 2011, which granted the petition for leave to serve a late notice of claim and deemed the notice of claim timely served nunc pro tunc, unanimously affirmed, without costs.

Supreme Court considered all of the relevant factors and providently exercised its discretion in granting the petition (*see* General Municipal Law § 50-e [5]). Petitioner's claim, which is premised upon faulty prenatal care, accrued when he was born on May 9, 2003 (*see LaBello v Albany Med. Ctr. Hosp.*, 85 NY2d 701, 704 [1995]) and, as an infant, he was entitled to have the statute of limitations tolled for 10 years (CPLR 208; *see Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 263 [1980]; *Contreras v KBM Realty Corp.*, 66 AD3d 627, 628-629 [2d Dept 2009], *lv denied* 14 NY3d 701 [2010]). Accordingly, the petition, filed on or about September 28, 2010, was timely.

Petitioner also demonstrated that respondent had "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) because it is undisputed that his mother was exclusively treated by respondent, that she was never seen or treated at any other clinic or hospital during her pregnancy, and that, at all times, respondent was in possession of her prenatal care medical records (*see Bayo v Burnside Mews Assoc.*, 45 AD3d 495 [1st Dept 2007]). This also shows that the delay would not substantially prejudice respondent (*see Bowser*

*v New York Health & Hosps. Corp.*, 93 AD3d 608 [1st Dept 2012]). Lastly, the alleged extraordinary care that petitioner has required, which is amply supported by the record, coupled with his infancy, is a reasonable excuse for the delay (*cf. Matter of Nieves v New York Health & Hosps. Corp.*, 34 AD3d 336, 337 [1st Dept 2006]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.