■ FOUR BROTHERS HOMES AT HEARTLAND CONDOMINIUM II et al., Respondents, v RICHARD A. GERBINO, JR., et al., Appellants. [691 NYS2d 114] —In an action, *inter alia,* to enjoin the defendants from leasing their condominium unit, the defendants appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 31, 1998 which granted the plaintiffs' motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendants are the fee simple owners of a condominium unit located within Four Brothers Homes at Heartland Condominium II. They purchased their unit in October 1987. The by-laws of the condominium association contain a provision that only home owners and their immediate families may reside in their homes and that the homes may not be leased. Upon discovery in 1997 that the defendants had leased their home, the condominium board brought this action to enforce the prohibition against leasing the units. The Supreme Court granted summary judgment in favor of the condominium board. We now affirm.

The Condominium Act (Real Property Law § 339-v [2] [a]) provides that the condominium by-laws may allow: "Provisions governing the alienation, conveyance, sale, leasing, purchase, ownership and occupancy of units, provided, however, that the by-laws shall contain no provision restricting the alienation, conveyance, sale, leasing, purchase, ownership and occupancy of units because of race, creed, color or national origin".

The defendants argue that the total prohibition on leasing

places a significant restraint on the ability of home owners to fully alienate their property and that the total restriction on leasing is an unreasonable restraint on alienation. We disagree. The defendants in choosing to purchase the home willingly gave up certain rights and privileges which traditionally attend fee ownership of property (*cf., Schoninger v Yardarm Beach Homeowners' Assn.,* 134 AD2d 1, 6). Further, under the circumstances presented, the prohibition on leasing is not an unreasonable restraint on the alienation of property (*cf., Anderson v 50 E. 72nd St. Condominium,* 119 AD2d 73; *Board of Mgrs. v Frazier,* 55 NY2d 991). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.