(May 31, 2005)

■ JULES DEMCHICK et al., Respondents, v 90 EAST END AVENUE CONDOMINIUM et al., Appellants. [796 NYS2d 62]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 9, 2004, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on their first cause of action and denied defendants' cross motion for summary judgment dismissing that cause of action, unanimously reversed, on the law, without costs, plaintiffs' motion denied and defendants' cross motion for summary judgment granted. The Clerk is directed to enter judgment accordingly.

Defendant 90 East End Avenue Condominium is a luxury condominium building containing 43 residential units, 38 of which are large, expensive, multi-bedroom units, and five are small, relatively inexpensive studios. The studios are all located on the second floor, along with the laundry room, gym, superintendent's unit and a children's playroom. The Condominium was marketed as a luxurious building with full amenities, including studio units for the household help of the purchasers of the large units. Although the selling agent told some purchasers of large units that studios could not be sold to people who did not live in the Condominium, this was not told to plaintiffs. The restriction on sale or leasing was not set forth in the offering plan or original bylaws.

Plaintiffs purchased a four-bedroom apartment and a studio unit that they use for storage. Subsequent to these purchases, defendant Board of Managers was informed that the owner of a second floor studio, other than plaintiffs, was considering selling it. At that point, the Board discovered there were no restric-

tions on the sale of the studios contained in the Condominium's governing documents. It sent the unit owners a notice of amendment to the Condominium's bylaws in the form of a proposal to restrict the sale or lease of studio units to the owners of the larger residential units. Although plaintiffs were not interested in selling their studio, they objected to the proposed amendment, first in writing and then at the board meeting. Nevertheless, the amendment was adopted by a vote of the majority of unit owners.

Plaintiffs thereafter brought an action to set aside the amendment, alleging that the amendment constituted an unreasonable restraint on alienation and seeking monetary damages. The IAS court, in its decision, assumed that the amendment served a valid purpose but found it unreasonable nonetheless because of its unlimited duration, and granted plaintiffs' motion for summary judgment.

Real Property Law § 339-v (2) (a) specifically allows condominium bylaws to contain "[p]rovisions governing the alienation, conveyance, sale, leasing, purchase, ownership and occupancy of units" so long as those provisions do not discriminate on the basis of race, creed, color or national origin. The bylaws are also subject to the common-law rule against unreasonable restraints on alienation (*see Anderson v 50 E. 72nd St. Condominium,* 119 AD2d 73 [1986], *appeal dismissed* 69 NY2d 743 [1987]). "Whether a restraint on the disposition of property is unreasonable is a question of fact depending upon its purpose, duration and, where applicable, the designated method for fixing the purchase price" (*Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 161-162 [1986]).

The restriction on the leasing of studios does not constitute an unreasonable restraint on alienation (*see Four Bros. Homes at Heartland Condominium II v Gerbino,* 262 AD2d 279 [1999]). Nor can it be said that the purpose of the restrictions of sale of the studio units—to preserve the character of the Condominium—is unreasonable. Although the duration of the restriction appears to be unlimited on its face, the restriction can be modified or removed at any time by a duly called meeting of the unit owners to further amend the bylaws. While there appear to be no New York cases on this point, other states have found such a restriction not to be an unreasonable restraint on alienation (*see Franklin v Spadafora,* 388 Mass 764, 447 NE2d 1244 [1983]; *Metropolitan Dade County v Sunlink Corp.,* 642 So 2d 551, 555 [Fla Dist Ct App, reh en banc, 1992]). The reasoning set forth in those cases is sound and applicable here. Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.