■  BORRESS & BORRESS LLC et al., Appellants, v CSJ LLC et
al., Respondents. [816 NYS2d 1]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 29, 2005, which denied plaintiffs' motion for a preliminary injunction against defendants' conversion of commercial property to residential use, unanimously affirmed, with costs.

The subject building's form deed, required by the offering plan, is an incontrovertible official document filed with the Office of the City Register, but is nonetheless dehors the record (*see Matter of O'Neill v Board of Zoning Appeals of Town of Harrison*, 225 AD2d 782 [1996]) because it was not mentioned during motion practice (*see e.g. Soho Plaza Corp. v Nationwide Mut. Ins. Co.*, 309 AD2d 504 [2003]). Even if judicial notice could be taken of such a document, plaintiffs have set forth no basis on which to disturb the IAS court's decision. The deed does not appear to contain any restriction on the condominium's ability to alter its nature, which would exist independently from the declaration and bylaws. In that regard, RPAPL 1951 is inapplicable.

Nor, as the IAS court found, does there appear to be any restriction in the declaration or bylaws warranting a modification, addition or deletion by 66²/₃% of the unit owners in order to effect the conversion of the subject units, so long as for a lawful purpose and not in violation of the certificate of occupancy. While the certificate is currently limited to commercial and retail purposes, so long as defendants perform the conversion pursuant to applicable laws and regulations they should be able to obtain an appropriate new certificate (*cf. Demchick v 90 E. End Ave. Condominium*, 18 AD3d 383 [2005]). Similarly, while the offering plan might be considered part of integrated documents entered into at the same time and intended to be read together (*see BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1985]), it does not avail plaintiffs since they do not point to any document requiring a 66²/₃% vote to amend the offering plan. Real Property Law § 339-k is also unavailing since it is directed at renovation work that would jeopardize the structural integrity or reduce the value of one's property, or impose an easement thereon.

In any event, there is no necessity for injunctive relief here since damages provide an adequate remedy (*see 1659 Ralph Ave. Laundromat Corp. v Ben David Enters.*, 307 AD2d 288 [2003]). Concur—Mazzarelli, J.P., Saxe, Friedman, Sullivan and Sweeny, JJ.