Strathmore Ridge Homeowners Association, Inc., Appellant, v Michael Mendicino et al., Respondents. [881 NYS2d 491]—

In an action, inter alia, for a judgment declaring that certain leases executed by the defendants are void for the defendants' failure to comply with the leasing restrictions contained in an amendment to the plaintiff's bylaws dated November 29, 2005, and for injunctive relief, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 6, 2007, which denied that branch of its motion pursuant to CPLR 3211 which was to dismiss, for lack of standing and failure to state a cause of action, the defendants' first counterclaim, among other things, for a judgment declaring that the leasing restrictions contained in the amendments to the plaintiff's bylaws dated March 30, 2004, and November 29, 2005, respectively, are invalid, and granted those branches of the defendants' cross motion which were, in effect, for summary judgment dismissing the second, third, and fourth causes of action and on the first cause of action for a judgment declaring that the leases are not void, and on so much of the first counterclaim as was for a judgment declaring that the leasing restrictions are invalid, and (2), as limited by its brief, from so much of a judgment of the same court entered October 29, 2007, as, upon the order, is in favor of the defendants and against it dismissing the complaint and declaring that the leasing restrictions contained in the amendments to the plaintiff's bylaws dated March 30, 2004, and November 29, 2005, are invalid and null and void.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action of the complaint and substituting therefor a provision declaring that the subject leases executed by the defendants are not void for the defendants' failure to comply with the leasing restrictions contained in the amendment to the plaintiff's bylaws dated November 29, 2005; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [c]).

The Supreme Court properly denied that branch of the motion of the plaintiff, Strathmore Ridge Homeowners Association, Inc. (hereinafter the Association), which was to dismiss the defendants' first counterclaim pursuant to CPLR 3211 for lack of standing and failure to state a cause of action. Contrary to the Association's contention, the defendants, as owners of property governed by the Association, had standing to assert a counterclaim to set aside amendments to the Association's bylaws (*see e.g. Demchick v 90 E. End Ave. Condominium,* 18 AD3d 383, 384 [2005]). Further, viewing the defendants' allegations as true, and according the defendants the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the allegations made in support of the first counterclaim are sufficient to state a cause of action to set aside the amendments, inter alia, on the ground that they were improperly enacted without a prior amendment of the Association's declaration of covenants, restrictions, easements, charges and liens (hereinafter the Declaration).

The court also properly granted that branch of the defendants' cross motion which was for summary judgment on so much of their first counterclaim as was for a declaration that the leasing restrictions contained in amendments to the bylaws dated March 30, 2004, and November 29, 2005, respectively, are invalid. The business judgment rule applies to the actions of a condominium or housing association's board of directors (*see generally Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530 [1990]). "So long as the board acts for the purposes of the [Association], within the scope of its authority and in good faith, courts will not substitute their judgment for the board's" (*id.* at 538; *see Levine v Greene,* 57 AD3d 627 [2008]; *Gillman v Pebble Cove Home Owners Assn.,* 154 AD2d 508 [1989]). Here, the defendants demonstrated, prima facie, that the Association exceeded the scope of its authority in enacting the amendments to the bylaws which prohibited and/or restricted leasing without first amending its Declaration, and that the amendments are, therefore, null and void. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Since this is, in part, a declaratory judgment action, the

Supreme Court's judgment should have included an appropriate declaration in favor of the defendants with respect to the first cause of action of the complaint (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.