■ VILLAGE AT CORBIN HILL CONDOMINIUM II et al., Appellants, v YVETTE UNGARO et al., Respondents. [903 NYS2d 744]—In an action, inter alia, for a judgment declaring that the defendants' construction of a deck violates certain provisions of the declaration of a condominium, the plaintiffs appeal from an order of the Supreme Court, Orange County (Alessandro, J.), dated March 5, 2009, which denied their motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment on their counterclaim declaring that the deck does not violate those provisions of the declaration of the condominium.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the deck does not violate the relevant provisions of the declaration of the condominium.

While the plaintiffs failed to establish a prima facie showing of their entitlement to judgment as a matter of law on the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Board of Mgrs. of Stewart Place Condominium v Bragato*, 15 AD3d 601 [2005]), the defendants met their burden of showing their entitlement to judgment as a matter of law on their counterclaim, which sought a judgment declaring that the defendants' construction of a deck does not violate certain provisions of the declaration of the Village at Corbin Hill Condominium II (hereinafter the condominium) (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Spector v Wendy*, 52 AD3d 688 [2008]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Spector v Wendy*, 52 AD3d 688 [2008]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for

the entry of a judgment declaring that the defendants' deck does not violate the relevant provisions of the declaration of the condominium (*see Lanza v Wagner*, 11 NY2d 317, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.