■ BOARD OF MANAGERS OF VILLAGE VIEW CONDOMINIUM, Respondent, v DONATA FORMAN, Appellant. [911 NYS2d 378]—

In an action for a judgment declaring that the defendant is in violation of the declaration, by-laws, and house rule No. 1 of the Village View Condominium, for a permanent injunction, and for an attorney's fee, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 17, 2009, as denied her motion for summary judgment dismissing the second and third causes of action, and, in effect, for summary judgment on the first cause of action declaring that house rule No. 1 is invalid, and granted those branches of the plaintiff's cross motion which were for summary judgment and pursuant to CPLR 3211 (b) to dismiss the defendant's affirmative defenses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, those branches of the plaintiff's cross motion which were for summary judgment and pursuant to CPLR 3211 (b) to dismiss the defendant's affirmative defenses are denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment dismissing the second and third causes of action, and declaring that house rule No. 1 is invalid.

The defendant is the owner and resident of unit 3D at the Village View Condominium located at 66-15 69th Street, in Queens, having purchased the unit in September 2000. At all relevant times, the condominium's bylaws have included no restrictions on pet ownership in the condominium and, further, state that unit owners "and their pets" shall not disturb the other unit owners.

On April 25, 2007, after her previous dog had died, the defendant brought a small dog, weighing less than four pounds, into her condominium unit. The plaintiff Board of Managers of the Village View Condominium (hereinafter the Board), demanded that the defendant remove the dog from the premises, claiming that his presence violated "House Rule No. 1," a rule made by the Board, stating "Positively *no pets* are allowed in the building for any reason." After the defendant's repeated refusal to remove the dog, the Board commenced this action to declare the defendant in violation of the condominium's declaration, bylaws, and house rule No. 1, to permanently enjoin her from keeping any animal in her unit without prior Board approval, and for an attorneys' fee.

It is undisputed that the defendant transports the dog through the common areas of the condominium in a shoulder bag, and the Board has conceded that no one outside of the defendant's apartment has heard the dog bark when he is inside

the apartment. Thus, there is no issue regarding nuisance or respecting the common elements of the condominium. Rather, the Board argues that it is empowered to amend the condominium's bylaws and to make regulations restricting the use of the units, and that house rule No. 1 was a valid exercise of that authority. In the order appealed from, the Supreme Court agreed and, inter alia, granted summary judgment to the plaintiff. We reverse the order insofar as appealed from and find that house rule No. 1 exceeds the Board's authority.

Condominium ownership is a hybrid form of real property ownership, created by statute (*see* Real Property Law art 9-B [§ 339-d *et seq.*] [hereinafter the Condominium Act]; *Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]). Pursuant to the Condominium Act, each owner holds a real property interest in his or her unit and its appurtenances (*see* Real Property Law § 339-g), which consists of an exclusive possessory interest in the unit (*see* Real Property Law § 339-h) and an undivided interest in the common elements of the condominium (*see* Real Property Law § 339-i; *Caprer v Nussbaum*, 36 AD3d at 183; *Murphy v State of New York*, 14 AD3d 127, 132-133 [2004]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 5-6 [1987]).

Upon the filing of a declaration (*see* Real Property Law § 339-n), a condominium is subject to the jurisdiction of the Condominium Act (*see* Real Property Law § 339-f). In addition, the administration of the condominium's affairs is governed principally by its bylaws, "which are, in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate, and which set forth the respective rights and obligations of unit owners, both with respect to their own units and the condominium's common elements" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d at 6; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 536 [1990]; *Murphy v State of New York*, 14 AD3d at 133; *Four Bros. Homes at Heartland Condominium II v Gerbino*, 262 AD2d 279, 280 [1999]; *Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 54 [1998]). The basic agreement among the unit owners as to the manner in which the condominium shall be administered and maintained is set forth in the condominium's bylaws (*see* Real Property Law § 339-v).

Under the Condominium Act, there are a number of mandatory items which the condominium's bylaws must contain, including provisions for the nomination and election of a board of managers to serve as the principal agents of the condominium and a statement of the powers and duties of that board (*see*

Real Property Law § 339-v [1] [a]), as well as the percentage of unit owners, not less than 66²/₃%, which may modify or amend the bylaws (*see* Real Property Law § 339-v [1] [j]). In addition, the Condominium Act requires that the bylaws set forth "[s]uch restrictions on and requirements respecting the use and maintenance of the units . . . as are designed to prevent unreasonable interference with the use of their respective units and of the common elements by the several unit owners" (Real Property Law § 339-v [1] [i]).

In conformance with the Condominium Act, the bylaws of the subject condominium provide that they may be "altered, amended or added to" by approval of 80% of the unit owners at a duly-noticed meeting. The condominium's bylaws did not contain any prohibition against pet ownership. In fact, the bylaws had a general no-nuisance provision with respect to pets. Thus, contrary to the Board's position that it could amend the bylaws to completely ban pets in the condominium, the Board is not authorized to amend the bylaws at will (*see Yusin v Saddle Lakes Home Owners Assn., Inc.*, 73 AD3d 1168, 1171 [2010]). Moreover, inasmuch as the Board seeks to place restrictions on the use of the defendant's unit, it is not authorized to do so, as such restrictions must be set forth in the condominium bylaws (*see* Real Property Law § 339-v [1] [i]), which, pursuant to the condominium's bylaws, require approval of 80% of the unit owners at a duly noticed meeting (*see Yusin v Saddle Lakes Home Owners Assn., Inc.*, 73 AD3d at 1171). Accordingly, the defendant is entitled to a declaration that house rule No. 1, completely banning pets from the condominium, is invalid. Because the Board is not entitled to enforce house rule No. 1 against the defendant, its causes of action for injunctive relief and an attorneys' fee should have been dismissed.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that house rule No. 1 is invalid and dismissing the second and third causes of action. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.