**Raaefia TARIQ; Shafia Tariq; Afia Tariq; and Hussain Tariq, Appellants,**

v.

**WORTHINGTON GLEN COUNCIL OF CO–OWNERS, INC., Appellee.**

No. 2010–CA–001610–MR.

Court of Appeals of Kentucky.

July 22, 2011.

Discretionary Review Denied by Supreme Court Nov. 16, 2011.

Richard V. Hornung, Louisville, KY, for appellant.

Dennis J. Stilger, Louisville, KY, for appellee.

Before COMBS and LAMBERT, Judges; SHAKE,[1] Senior Judge.

## OPINION

COMBS, Judge:

Raaefia, Afia, Shafia, and Hussain Tariq appeal the judgment of the Jefferson Circuit Court which held that they violated provisions of the Bylaws of Worthington Glen Condominiums. The trial court granted Worthington Glen's requests for injunctive relief and for attorneys' fees. After our review, we vacate the judgment.

The Tariqs are siblings (three sisters and a brother) who purchased a condomin-

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

ium at Worthington Glen in February 2009. The three sisters planned to live in the condominium while attending the University of Louisville. However, after the purchase, they decided to continue residing with their parents. In April 2009, the Tariqs' father executed a six-month lease with a tenant.

Upon learning of the lease, Worthington Glen informed the Tariqs that the lease violated Worthington Glen's Bylaws. The pertinent provision is a 2006 amendment which prohibits the leasing of units except in very narrowly defined situations. None of the exceptions applies to the Tariqs and their tenant. The Tariqs' attorney advised them that the amendment had been improperly implemented. Therefore, based on advice of counsel, they did not terminate the lease.

In response, Worthington Glen filed a lawsuit in Jefferson Circuit Court seeking injunctive relief and attorneys' fees. The court conducted a bench trial in July 2010. It rendered its findings on July 30, 2010, awarding the relief sought by Worthington Glen. This appeal follows.

Although the Tariqs present several arguments, we believe that one is dispositive. The Tariqs contend that the trial court erred in determining that the amendment to the Bylaws was both proper and controlling. We agree.

Kentucky Rule[s] of Civil Procedure (CR) 52.01 directs that in the case of a bench trial, an appellate court may not disturb the trial court's findings of fact unless they were clearly erroneous. Clear error is not committed as long as factual findings are supported by substantial evidence. *God's Center Found., Inc. v. Lexington Fayette Urban County Gov't*, 125 S.W.3d 295, 300 (Ky.App.2002). "The test of substantiality of evidence is whether when taken alone or in the light of all the evidence[,] it has sufficient probative value to induce conviction in the minds of reasonable men." *Williams v. Cumberland Valley Nat. Bank*, 569 S.W.2d 711, 714 (Ky.App.1978) (*quoting Kentucky State Racing Comm. v. Fuller*, 481 S.W.2d 298, 308 (Ky.1972)).

In 2006, the Worthington Glen Council of Co–Owners created an amendment to its Bylaws prohibiting owners from leasing their units except under very narrow, specific circumstances. There is no dispute that the Tariqs do not fall within any of the exceptions. The amendment recites that it was implemented "pursuant to Article XI Section 5 of the Bylaws" and that it was approved by 51% of the co-owners.

We first note that the trial court found that the amendment had been properly enacted without reference to supporting evidence, explanation, or elaboration. We have closely examined Worthington Glen's Master Deed (also referred to as the Declaration) and its Bylaws. As Worthington Glen correctly observes, Article 12, Section 7 of the Master Deed directs that "[a]ll leases are subject to all provisions of the Declaration, the Bylaws and the Rules and Regulations." Worthington Glen is also correct in noting that Article 11, Section 5 of the Bylaws allows for amendment of the Bylaws by the consent of 51% of the owners.

However, this provision is in conflict with Article 17, Section 2(f)(ii)(K) of the Master Deed, which requires that amendments relating to leasing must be approved by 67% of the **owners** and 51% of **mortgage holders.**

The Tariqs cite Article 17, Section 3 as follows:

Article 17 shall be construed as far as possible to supplement the other articles of the Declaration. If there is a conflict between another article or the Bylaws or any other document, this Article 17

shall control, even if an earlier article states that the earlier article shall control in case of conflict.

Additionally, Article 11 of the Bylaws concedes that in case of conflict with the Master Deed, the Master Deed controls. Therefore, the trial court lacked the requisite quantum of substantial evidence to conclude that an amendment enacted with approval of only 51% of unit owners was proper.[2]

We have scoured Kentucky case law for precedent, but this case appears to be one of first impression in the Commonwealth. However, several other jurisdictions have rejected amendments to bylaws that were made without the proper percentage of owner approval. *See Lake Arrowhead Chalets Timeshare Owners Ass'n v. Lake Arrowhead Chalets Owners Ass'n,* 51 Cal. App.4th 1403, 59 Cal.Rptr.2d 875 (1996); *Tower House Condominium, Inc. v. Millman,* 410 So.2d 926 (Fla.Dist.Ct.App.1981); *Kaplan v. Boudreaux,* 410 Mass. 435, 573 N.E.2d 495 (1991); *Bd. of Managers of Village View Condominium v. Forman,* 78 A.D.3d 627, 911 N.Y.S.2d 378 (N.Y.App. Div.2010).

Because the amendment to the Bylaws is invalid, Worthington Glen has failed to state a cause of action against the Tariqs. All other arguments alleging trial error are, therefore, moot.

We vacate the order of the Jefferson Circuit Court and remand for an order dismissing this lawsuit.

ALL CONCUR.

---

**2.** It is noteworthy that Worthington Glen's property manager testified that in spite of her recommendation to amend the Master Deed, the Board nonetheless elected to amend the Bylaws with only 51% approval because of the difficulty entailed in obtaining owner participation.