Forestal Condominium v Davydov (2018 NY Slip Op 00410)





Forestal Condominium v Davydov


2018 NY Slip Op 00410


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00402
 (Index No. 2815/15)

[*1]Forestal Condominium, appellant, 
v
Albert Davydov, respondent.


Andrew F. Troia, Esq., P.C., New York, NY (Denise May of counsel), for appellant.
John Burnett, Rockaway Park, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Butler, J.), entered December 1, 2016, as denied its motion for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, the owner of a condominium building located in Forest Hills, commenced this action against the defendant, an owner of one of the units in the building (hereinafter the subject apartment), for a judgment declaring that the defendant violated the plaintiff's by-laws by performing alterations to the subject apartment without the plaintiff's permission, to enjoin the defendant from conducting any further construction on the subject apartment in violation of the by-laws, and for costs and attorneys' fees incurred in commencing this action.
The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion. The plaintiff appeals from so much of the order as denied its motion.
"Condominium ownership is a hybrid form of real property ownership, created by statute" (Board of Mgrs. of Vil. View Condominium v Forman, 78 AD3d 627, 629; see Real Property Law art 9-B; Caprer v Nussbaum, 36 AD3d 176, 183). The administration of the condominium's affairs is governed principally by its by-laws, "which are, in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate, and which set forth the respective rights and obligations of unit owners, both with respect to their own units and the condominium's common elements" (Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 6; see Real Property Law § 339-v; Board of Mgrs. of Vil. View Condominium v Forman, 78 AD3d at 629; Murphy v State of New York, 14 AD3d 127, 133).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see Village at Corbin Hill Condominium II v Ungaro, 74 AD3d 958; Board of Mgrs. [*2]of Stewart Place Condominium v Bragato, 15 AD3d 601, 602). While article VI, section 12, of the plaintiff's by-laws specified that a unit owner could not make any structural addition, alteration, or improvement to his or her unit without the prior written consent of the plaintiff's board of managers, it also provided that the plaintiff's board of managers had 30 days to answer any written request after receipt of such request, and that the failure to respond within that time frame would constitute consent to the proposed addition, alteration, or improvement. The plaintiff's submissions failed to eliminate all triable issues of fact as to what requests the defendant made of the plaintiff, and what responses, if any, were provided by the plaintiff (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since the plaintiff failed to meet its prima facie burden, it is unnecessary to determine whether the papers submitted by the defendant in opposition were sufficient to raise a triable issue of fact (see id. at 853).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court