Turan v Meadowbrook Pointe Homeowners Assn., Inc. (2022 NY Slip Op 07255)

Turan v Meadowbrook Pointe Homeowners Assn., Inc.

2022 NY Slip Op 07255

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01232
2020-02871
 (Index No. 615338/18)

[*1]Richard Turan, respondent, 
v
Meadowbrook Pointe Homeowners Association, Inc., appellant.

Braverman Greenspun, P.C., New York, NY (Maria Boboris of counsel), for appellant.
Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a house rule promulgated by the defendant's board of directors prohibiting dogs greater than 25 pounds from being present on the condominium premises is null and void, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered January 2, 2020, and (2) a judgment of the same court entered February 6, 2020. The order granted the plaintiff's motion for summary judgment declaring that the subject house rule is null and void, and denied the defendant's cross motion, in effect, for summary judgment declaring that the subject house rule is valid. The judgment, upon the order, declared that the subject house rule is null and void.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff is the owner of a condominium unit in a building managed by the defendant. At a meeting on August 14, 2018, the defendant's board of directors (hereinafter the board) unanimously approved a house rule prohibiting dogs greater than 25 pounds from being present on the condominium premises (hereinafter the house rule). In November 2018, the plaintiff commenced this action for a judgment declaring that the house rule was null and void, since the house rule was not approved by 66&frac23;% of the homeowners in the building, as required to amend the condominium bylaws. Thereafter, the plaintiff moved for summary judgment declaring that the house rule is null and void, and the defendant cross-moved, in effect, for summary judgment declaring that the house rule is valid. In an order entered January 2, 2020, the Supreme Court [*2]granted the plaintiff's motion and denied the defendant's cross motion. In a judgment entered February 6, 2020, the court declared that the house rule is null and void. The defendant appeals.
Where a condominium unit owner challenges an action by the condominium's board of directors, courts apply the business judgment rule, and the court's inquiry is limited to whether the board of directors acted within the scope of its authority under the bylaws and whether the action was taken in good faith to further a legitimate interest of the condominium (see Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d 634, 635; Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1003, 1005). Here, the plaintiff demonstrated, prima facie, that the board's adoption of the house rule was not authorized by the condominium bylaws, and thus, the adoption of that rule was not protected by the business judgment rule (see Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1171; Strathmore Ridge Homeowners Assn., Inc. v Mendicino, 63 AD3d 1038). Since neither the condominium bylaws nor the condominium declaration of covenants, restrictions, easements, charges, and liens (hereinafter the declaration) contained any restriction on the size of dogs permitted on the condominium premises, the house rule constituted an amendment of a permitted use of the plaintiff's unit, which, pursuant to Article X of the condominium bylaws, required approval by 66&frac23;% of the homeowners at a noticed meeting, and an amendment to the declaration (see Gabriel v Board of Mgrs. of the Gallery House Condominium, 130 AD3d 482; Board of Mgrs. of Vil. View Condominium v Forman, 78 AD3d 628, 630). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the house rule is null and void, and denied the defendant's cross motion, in effect, for summary judgment declaring that the house rule is valid.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court