72 Poplar Townhouse, LLC v Board of Mgrs. of the 72 Poplar St. Condominium (2024 NY Slip Op 00606)

72 Poplar Townhouse, LLC v Board of Mgrs. of the 72 Poplar St. Condominium

2024 NY Slip Op 00606

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-02147
 (Index No. 501530/20)

[*1]72 Poplar Townhouse, LLC, appellant, 
v
Board of Managers of the 72 Poplar Street Condominium, defendant, Ron Sion, etc., et al., respondents.

Cole Schotz P.C., New York, NY (Cameron A. Welch and Matthew A. Barish of counsel), for appellant.
Belkin Burden Goldman, LLP, New York, NY (Magda L. Cruz, Robert T. Holland, and Sherwin Belkin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 1, 2021. The order granted the motion of the defendants Ron Sion, Amy Lee, Michael Rosner, Rakesh Mangat, and Tora Fisher Buckworth for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Ron Sion, Amy Lee, Michael Rosner, Rakesh Mangat, and Tora Fisher Buckworth which were for summary judgment dismissing the third cause of action and so much of the fourth cause of action as sought damages for the overassessment of common charges for the period of time before the bylaws were amended insofar as asserted as against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the respondents.
The plaintiff is the owner of a condominium unit in a building known as 72 Poplar Street Condominium (hereinafter the Condominium) and managed by the defendant Board of Managers of the 72 Poplar Street Condominium (hereinafter the Board). The building was converted to residential use in 2014, and a declaration of condominium dated March 4, 2015, was recorded on April 3, 2015. The plaintiff acquired its unit in 2017. In November 2018, the plaintiff's principal notified the Board that the Condominium had been overcharging the plaintiff for common charges. The Board thereafter advised the plaintiff that, after review, it had determined that there was a discrepancy between the Condominium bylaws that had been recorded by the sponsor with the declaration (hereinafter the recorded bylaws) and the Condominium bylaws that had been included with the Condominium's offering plan (hereinafter the plan bylaws) with regard to the method by which common charges were computed and assessed to each unit owner, and that the plaintiff had been billed in accordance with the method set forth in the plan bylaws. In January 2019, the Board recalculated the plaintiff's common charges based upon the recorded bylaws and issued a refund to the plaintiff in the amount of $2,867.76. In March 2019, the Board called a special meeting at which the unit owners voted to amend the Condominium's bylaws to change the method by which common charges were calculated and assessed to each unit owner so as to conform with the method set forth [*2]in the plan bylaws.
The plaintiff subsequently commenced this action against the Board and the defendants Ron Sion, Amy Lee, Michael Rosner, Rakesh Mangat, and Tora Fisher Buckworth (hereinafter collectively the individual defendants), who are each unit owners and members of the Board. The plaintiff alleged, inter alia, that the amendment constituted a breach of the Condominium's governing documents and a breach of the Board's fiduciary duties. The individual defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that it failed to state a cause of action against them. In an order dated March 1, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"'On a motion for summary judgment premised on failure to state a cause of action, the court must consider evidentiary material in addition to the pleadings' in order to determine whether the plaintiff actually has a cause of action" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 132, quoting Seidler v Knopf, 186 AD3d 889, 890). On a motion to dismiss for failure to state a cause of action, "the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87, citing CPLR 3026; see Wedgewood Care Ctr., Inc. v Kravitz; 198 AD3d at 130). The facts alleged in the complaint must be accepted as true, and the plaintiff is entitled to receive the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87). Where, as here, the parties have submitted evidentiary material to the court, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one," and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Sokol v Leader, 74 AD3d 1180, 1182).
The Supreme Court properly granted those branches of the individual defendants' motion which were for summary judgment dismissing the first, second, and fifth causes of action, sounding in, inter alia, breach of contract and estoppel, insofar as asserted against them for failure to state a cause of action. In those causes of action, the plaintiff alleged that the Board breached the Condominium's contractual obligations to the plaintiff, based upon allegations that the Board took actions that violated the governing documents of the Condominium and harmed the plaintiff and treated it differently from other Condominium unit owners.
However, the Supreme Court should have denied that branch of the individual defendants' motion which was for summary judgment dismissing the third cause of action, sounding in breach of fiduciary duty, insofar as asserted against them. In addition, the court should have denied that branch of the individual defendants' motion which was for summary judgment dismissing so much of the fourth cause of action, sounding in fraud, as sought damages for the overassessment of common charges for the period of time before the bylaws were amended insofar as asserted against them.
"The business judgment rule is applicable to the board of directors of cooperative and condominium corporations" (Perlbinder v Board of Mgrs. of 411 E.53rd St. Condominium, 65 AD3d 985, 989; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 536-537; Turan v Meadowbrook Pointe Homeowners Assn., Inc., 211 AD3d 985, 986). The rule provides that "a court should defer to a [condominium] board's determination '[s]o long as the board acts for the purposes of the [condominium], within the scope of its authority and in good faith'" (40 W. 67th St. v Pullman, 100 NY2d 147, 153, quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d at 538). Unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule (see Meadow Lane Equities Corp. v Hill, 63 AD3d 699, 700), and a director who participates in the commission of a tort committed by the board may be held individually liable (see Stinner v Epstein, 162 AD3d 819, 821; Fletcher v Dakota, Inc., 99 AD3d 43, 47).
Here, the complaint sufficiently alleged a cause of action sounding in breach of fiduciary duty against the individual defendants. The complaint also sufficiently alleged a cause of action sounding in fraud against the individual defendants to the extent that the plaintiff seeks damages for the overassessment of common charges for the period of time before the bylaws were [*3]amended. In the current procedural posture and on this record, "the allegations of [the] complaint, supplemented by a plaintiff's additional submissions, . . . must be given their most favorable intendment" (Arrington v New York Times Co., 55 NY2d 433, 442; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d at 134; Seidler v Knopf, 186 AD3d at 890; Rogal v Wechsler, 135 AD2d 384, 384). The individual defendants' submissions did not demonstrate, prima facie, that they did not breach their fiduciary duties as Board members by the unequal treatment of the plaintiff under the circumstances alleged. Nor did their submissions demonstrate, prima facie, that the amount of common charges refunded to the plaintiff was the correct amount, or that they did not know that the plaintiff was being overcharged to their benefit and to the detriment of the plaintiff. Accordingly, the individual defendants did not demonstrate, prima facie, that the plaintiff did not have a cause of action against them to recover damages for the overassessment based upon fraud.
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court